FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

08 JUN 24 PM 4: 37

CLERK - LAS CRUCES

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL SILLAS,

        Plaintiff,

v.                               No. CV 08-0003 RB/LCS

CIBOLA COUNTY DETENTION CENTER,
LT. SESNEDS, MANELTO, MAYERS,
MORALES, AND ARMIJO ET AL,
IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. On consideration of Plaintiff's response to an earlier order, the initial partial payment will be waived. And, for the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be

futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was removed from his cell for a search. During the search Defendants Sesneds and Manelto subjected Plaintiff to excessive force, including use of a tazer weapon, and injured him. Plaintiff claims that Defendants' actions violated his rights under the 5th, 8th, and 14th Amendments. The complaint seeks damages.

The caption of the complaint names several other Defendants, but the text of the complaint makes no reference to, or allegations against, these Defendants affirmatively linking them to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against an entity or a state official may not be based solely on a theory of respondeat superior liability for the actions of other individuals. *See id.* The Court will dismiss Plaintiff's claims against Defendants Cibola County Detention Center, Mayers, Moralez, and Armijo.

IT IS THEREFORE ORDERED that the initial partial payment toward the filing fee is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Cibola County Detention Center, Mayers, Moralez, and Armijo are DISMISSED; and Defendants Cibola County

Detention Center, Mayers, Moralez, and Armijo are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants Sesneds and Manelto.

J. THOMAS MARTEN
UNITED STATES DISTRICT JUDGE

Date: 6/24/08