IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL SILLAS,

    Plaintiff,

v.                                                           Civ. No. 08-0003 RB/RLP

CIBOLA COUNTY DETENTION
CENTER, *et al.*,

    Defendants.

MAGISTRATE JUDGE'S REPORT & RECOMMENDATION[1]

    1.     This is a proceeding brought pursuant to 42 U.S.C. § 1983. Plaintiff alleges that while he was incarcerated at Cibola County Detention Center[2] certain named Defendants used excessive force during a random search.

    2.     The Court ordered Defendants to submit two *Martinez* Reports [Doc. 24 & Doc. 28]. Defendants submitted the requested documents [Doc. 27 & Doc. 30] on February 5 and February 20, 2009. As of this date, March 23, 2009, Plaintiff has failed to file a response to either Report, despite being advised that a failure to respond could result in entry of summary judgment on his claims. [Doc. 24].

    3.     Defendants were requested to submit Plaintiff's medical records and other items pertinent to the October 6, 2007 incident. One of the items submitted by Defendants

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.

[2] He is currently incarcerated at the facility in Santa Rosa, New Mexico [Doc. 29].

is the Affidavit of Defendant Lieutenant David Sisneros, who describes the altercation with Plaintiff. [Doc. 27-2] In sum, Lt. Sisneros asserts that Plaintiff was noncompliant in allowing other officers to determine whether he was wearing appropriate clothing, that a struggle ensued, and that Lt. Sisneros warned Plaintiff he would use the taser if Plaintiff continued to resist.  Affidavit, ¶¶ 14-20.  He states that he used the taser gun on Plaintiff at least twice until Plaintiff was subdued and Plaintiff was then taken to the medical department where he was evaluated and released.  *Id.* ¶¶ 21-28.

4. The various Incident Reports support the foregoing version of the incident: Plaintiff was noncomplaint, a taser gun was used on him, he was restrained, taken to medical and released. [Doc. 27-4 pages 1-8]

5. The Cibola County Detention Center's Taser-Usage Report indicates that Plaintiff was subjected to a "touch stun" taser, that his skin was not penetrated, and that medical assessed him with "minor abrasions." [Doc. 27-4 pages 12-13]

6. The photographs of Plaintiff's back indicate some darkening of the skin and what appear to be minor abrasions. [Doc. 27-6 pages 1-2]

7. The medical records submitted by Defendants indicate thatPlaintiff complained of back pain and was given medication, but it is unclear whether the pain was a result of the taser or some other ailment.  In either event, it does not appear from the records submitted that Plaintiff's condition was serious.  [Doc. 30-2, pages 3-7]

8. Without Plaintiff's response to the Defendants' submissions, the Court must review the Complaint and the documents produced to determine whether there is a disputed issue of material fact which would allow this case to go forward or whether summary judgment may be entered on the record.  The foregoing summary of the

documents submitted indicate that Plaintiff cannot prevail on an excessive force claim.

> The Supreme Court has said that the use of excessive force against a prisoner can violate the Eighth Amendment, stating that the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.

*Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003) (citing *Whitley v. Alberg*, 475 U.S. 312, 319 (1986)) (other citations, internal quotation marks and ellipses omitted).

9.  Excessive force claims involve two inquiries: (1) whether the force used was objectively harmful enough to establish a constitutional violation; and (2) whether the plaintiff can show that defendants acted with a sufficiently culpable state of mind. *Id.* "The subjective element of an excessive force claim turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* (quotation marks & citation omitted).

10. Although Plaintiff's Complaint alleges that he suffered serious injuries for no reason whatsoever, the record submitted does not support his claims. His injuries are not serious and he was noncompliant when officers were attempting to maintain discipline. Plaintiff's failure to respond to Defendants' submissions, despite being advised to do so, indicates there are no factual issues in dispute and so summary judgment may be awarded in favor of Defendants pursuant to Fed.R.Civ.P. 56.

## RECOMMENDED DISPOSITION

I recommend that Plaintiff's claim be dismissed without prejudice.

Richard L. Puglisi
United States Magistrate Judge